HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINIC SOLES OLIVO,

    Plaintiffs,

v.

CHRISTINE GREGOIRE, GOVERNOR, WASHINGTON STATE,

    Defendants.

Case No. C06-5556 RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Plaintiff's Application to Proceed *In Forma Pauperis*, Motion for Service by the U.S. Marshal's, Motion for Appointment of Counsel, and Motion to Waive the Paper Size Requirements of Local Rule CR 10 [Dkt. #1].

Having considered the entirety of the records and file herein, the Court rules as follows:

Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**. The Clerk shall file plaintiff's complaint.

Plaintiff's Motion for Service by the U.S. Marshal's is **DENIED**. If plaintiff requires information on how to perfect service, he may contact the Clerk's Office at 253-882-3800 and request a *pro se* litigant's informational packet be sent to him.

Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional

circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Moreover, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel. If it appears later on in this litigation that exceptional circumstances arise, plaintiff may move again for the appointment of counsel.

Plaintiff's Motion to Waive Local Rule 10 is **GRANTED** in so far as plaintiff continues to provide documents in the format he has to date. The documents he has provided are on paper size which is manageable by the clerk and are legible. If plaintiff attempts to file documents which do not conform to this standard, the Court may revisit this ruling.

If plaintiff wishes to name a responsible federal actor to correct the deficiency which resulted in the dismissal of C06-5552RBL, he may amend this complaint (C06-5556RBL) to add a party.

**IT IS SO ORDERED**.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 27th day of November, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE